**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LICKETY-SPLIT AIR
CONDITIONING, PLUMBING,
ELECTRICAL, LLC, a Florida limited
liability company,

        Plaintiff,

v.                              Case No. 3:26-cv-1545-MMH-MCR

LISA MARIE ANSPACH and
CHRISTINA SHUMPERT,

        Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On June 12, 2026, Plaintiff

Lickety-Split Air Conditioning, Plumbing, Electrical, LLC, (Lickety-Split)

initiated this action by filing a Complaint and Demand for Jury Trial Permanent

Injunctive Relief Requested (Doc. 1; Complaint) against Defendants Lisa Marie

Anspach and Christina Shumpert. <u>See generally</u> Complaint. Upon review, the

Complaint is due to be stricken because it constitutes an impermissible "shotgun

pleading."

The Federal Rules of Civil Procedure (Rule(s)) require that a complaint

contain "a short and plain statement of the claim showing that the pleader is

entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail

the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoting Sams v. United Food & Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989)). Despite the liberal pleading requirements of Rule 8, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together

> to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting T.D.S., Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1543 (11th Cir. 1985) (Tjoflat, J., dissenting)).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four

2

broad categories of impermissible shotgun pleadings).[1] The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in "a thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d

---

[1] In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." See Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321). As the Barmapov court explained,

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Id. at 1324–25 (citations omitted) (quoting Weiland, 792 F.3d at 1321–23).

at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here are two types of shotgun pleadings. The Complaint falls into the third category of shotgun pleadings because Lickety-Split does "not separat[e] into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1323. Indeed, Lickety-Split lumps three distinct causes of action into Count V: (1) a claim for trademark infringement under federal law, (2) a claim for false designation of origin and unfair competition under federal law, and (3) a claim for unfair competition under state law. See Complaint ¶¶ 91–106. This kitchen sink manner of pleading fails to comply with Rules 8 and 10 and makes it impossible to discern which causes of action are actually at issue in this particular lawsuit. See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able

4

to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)). As such, the Court will strike the Complaint and give Lickety-Split an opportunity to file a corrected complaint. In doing so, Lickety-Split must separate each of these claims into their own counts.

Additionally, the Complaint falls into the fourth category of shotgun pleadings because Lickety-Split asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323; see, e.g., id. at 1323 n.14 (collecting cases). As with claims premised on different facts and legal theories, claims against different defendants should be separated into different counts. This allows each defendant to more readily identify which claims and factual allegations are directed at that defendant so the defendant can frame a responsive pleading. In the Complaint, Lickety-Split brings seven claims against both Anspach and Shumpert. See generally Complaint. When describing the facts that give rise to its claims, Lickety-Split fails to specify which defendant is responsible for which action(s). See generally id. Indeed, in most places, Lickety-Split lumps Anspach and Shumpert together by alleging that "Defendants" took certain actions. See, e.g., id. ¶ 63 ("Defendants personally published, republished, endorsed, adopted, amplified, encouraged, and disseminated false statements of fact concerning Plaintiff to third parties through Facebook, Reddit, and related online forums."

5

(emphasis added)). In doing so, Lickety-Split fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. In the corrected complaint, Lickety-Split must separate each claim against each defendant into a separate count and specify which defendant(s) took each of the actions giving rise to its claims.

Because the Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Lickety-Split to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Lickety-Split must avoid the shotgun pleading deficiencies discussed above. Failure to comply with the Rules and this Order may result in a dismissal of this action without further notice.

In light of the foregoing, it is

**ORDERED**:

1. The Complaint and Demand for Jury Trial Permanent Injunctive Relief Requested (Doc. 1) is **STRICKEN**.

2. Lickety-Split Air Conditioning, Plumbing, Electrical, LLC, shall have up to and including **July 20, 2026**, to file a corrected complaint.[2] Lickety-Split is cautioned that failure to file a corrected complaint in accordance

---

[2] The filing of the corrected complaint does not affect any right Lickety-Split may have to amend as a matter of course under Rule 15(a)(1).

with this Order may result in the dismissal of its case for failure to prosecute.

**DONE AND ORDERED** in Jacksonville, Florida, June 30, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36

Copies to:
Counsel of Record

7