**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**Case No.: 3:26-cv-01545-MMH-MCR**

LICKETY-SPLIT          AIR
CONDITIONING,    PLUMBING,
ELECTRICAL, LLC, a Florida limited
liability company,

        Plaintiff,

v.

CHRISTINA     SHUMPERT,     an
individual,

        Defendant.

_____/

**CORRECTED COMPLAINT AND DEMAND FOR JURY TRIAL**
**PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF REQUESTED**

Plaintiff, LICKETY-SPLIT AIR CONDITIONING, PLUMBING, ELECTRICAL, LLC ("Lickety-Split"), sues Defendant CHRISTINA SHUMPERT ("Defendant"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Counts IV and V arise under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

2. This Court has supplemental jurisdiction over Plaintiff's related state-

1

law claims pursuant to 28 U.S.C. § 1367, because those claims arise from the same nucleus of operative facts as the federal claims asserted herein.

3. Venue is proper in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and a substantial portion of the events giving rise to the claims asserted herein occurred in this District.

4. Lickety-Split is a Florida limited liability company with its principal place of business in Jacksonville, Duval County, Florida.

5. Upon information and belief, Defendant is an individual residing in Duval County, Florida.

## FACTS

6. Lickety-Split is a Northeast Florida business that performs HVAC, electrical, and plumbing services throughout Northeast Florida.

7. Lickety-Split's reputation, consumer goodwill, and business relationships are essential to the continued operation and success of Lickety-Split.

### The Facebook Group

8. A publicly accessible Facebook group titled "Victims of Lickety Split Revived" (the "Group") exists and is operated on the Facebook platform.

9. The Group operates as a centralized platform to publish, amplify, and encourage negative statements and allegations concerning Lickety-Split.

2

10. Posts disseminated through the Group include claims that Lickety-Split engaged in so-called "bait-and-switch" tactics, including accusations that Lickety-Split would advertise low-cost or free inspections but go on to recommend unnecessary and significantly more expensive repairs.

11. Other posts disseminated through the Group include allegations that Lickety-Split recommended extensive or unnecessary system replacements, including ductwork or electrical work, in circumstances where subsequent inspection by third parties allegedly identified minor or inexpensive issues instead.

*Defendant's Administration of the Group*

12. Defendant is an administrator of the Group and, in that capacity, administers, moderates, and controls the Group, including its title, its header and cover imagery, its membership, and the promotion and featuring of its content.

13. Defendant personally authored, posted, endorsed, adopted, amplified, encouraged, and disseminated content concerning Lickety-Split within the Group and used her administrative authority to promote and increase dissemination of such content.

14. Defendant personally authored, republished, adopted, encouraged, and amplified statements within the Group accusing Lickety-Split of fraud, criminal conduct, unlawful business practices, customer exploitation, and intentional equipment sabotage.

3

15. These statements were presented and understood as specific assertions of fact about Lickety-Split's business practices, not mere opinion.

16. The statements are false.

17. Defendant knew the statements were false, acted with reckless disregard for the truth or falsity of the statements, or deliberately amplified unverified accusations while presenting them as factual.

18. Defendant used the Group not only to host content but to encourage participation, increase dissemination, and coordinate activity directed at Lickety-Split.

19. Plaintiff's claims are based upon Defendant's own authored statements, her republication and express adoption of defamatory statements, her own use of Plaintiff's trademarks and branding, her affirmative promotion and dissemination of content, and her own conduct in coordinating interference with Plaintiff's business relationships.

20. Defendant actively solicited complaints, urged members to report Lickety-Split to regulatory authorities, and encouraged others to pursue legal action against Lickety-Split, without regard as to the veracity of any such complaints or allegations.

21. Defendant further facilitated and encouraged interference with Lickety-Split's business relationships, including directing or encouraging individuals to

4

contact or confront Lickety-Split's customers.

22.    Defendant has personally contributed to the Group and amplified false statements concerning Lickety-Split through posts, including the one below, in which Defendant encouraged complaints be filed with the Attorney General:



23.    Defendant also posted a video providing that "Jacksonville home owners be aware!!!":



24.     Defendant's conduct constituted a concerted course of conduct intended to harm Lickety-Split's reputation, business relationships, and economic interests.

25.     Lickety-Split provided notice to Defendant and demanded that she cease her conduct and remove the false and infringing content that she authored, disseminated, and controls, but Defendant failed and refused to do so.

26.     As a direct and proximate result of Defendant's conduct, Lickety-Split has suffered and continues to suffer damages, including harm to reputation, goodwill, customer trust, existing and prospective business relationships, and other economic damages.

27.     Defendant's statements, including those described herein, were intended to discourage customers and others from doing business with Lickety-Split and to damage Lickety-Split's commercial reputation and business operations.

*Reddit Page and Continuation of Campaign*

28.     A Reddit community titled r/victimsoflicketysplit exists and has been used as a continuation, backup, replacement, mirror, and amplification channel for the same campaign directed at Lickety-Split, including after concerns arose that Facebook content or Facebook groups could be removed.

29.     Reddit posts and comments concerning Lickety-Split included accusations that Lickety-Split committed fraud, bribed customers, used deceptive

6

practices, targeted elderly customers, engaged in high-pressure sales, misrepresented needed repairs, and otherwise operated unlawfully or dishonestly.

30.     Publicly available records reflect that Defendant is associated with VendSmart LLC, a Jacksonville business, and publicly available materials show that the Reddit account u/Chri6tina-6ix, also known as "whaleflips" (the "Shumpert Reddit Account"), has posted and commented extensively regarding vending businesses, Jacksonville businesses, and r/victimsoflicketysplit.

31.     Upon information and belief, the Shumpert Reddit Account is owned, controlled, and operated by Defendant.

32.     Reddit comments associated with the Shumpert Reddit Account include comments within r/victimsoflicketysplit concerning Lickety-Split, including statements such as "I still believe you are a victim of deception" and statements regarding media coverage of concerns involving Lickety-Split:

Shocked (http://www.reddit.com/r/victimsoflicketysplit/comments/1tva7xe/shocked/opoqymd?context=3)

Thanks for sharing. I still believe you are a victim of deception. Total waste of time from these people!

33.     Upon information and belief, Defendant's Reddit activity was intended to increase search-engine visibility of negative and false accusations concerning Lickety-Split, solicit additional complaints, coordinate public pressure, and interfere with Lickety-Split's existing and prospective customer relationships.

34.     Defendant's use of Reddit, together with the Facebook Group,

7

constituted a coordinated and continuing course of conduct intended to damage Lickety-Split's reputation, increase the public visibility of false accusations, discourage prospective customers from doing business with Lickety-Split, and interfere with Lickety-Split's existing business relationships.

*Trademarks, Branding, and Mascot*

35. Lickety-Split owns and uses the distinctive trade name and mark "LICKETY-SPLIT" in connection with its HVAC, plumbing, and electrical services in Northeast Florida.

36. Lickety-Split has continuously used the "LICKETY-SPLIT" mark in commerce in connection with advertising, marketing, and provision of its services, and the mark identifies and distinguishes Lickety-Split's services from those of competitors.

37. Through extensive use, promotion, and consumer recognition, the "LICKETY-SPLIT" mark has become associated in the minds of consumers with Lickety-Split's services and goodwill.

38. In addition to the LICKETY-SPLIT mark, Lickety-Split employs the use of its distinctive mascot imagery, a proprietary "Lickety-Split" brand character (the "Mascot"), for its business.

39. Lickety-Split has invested substantial time, effort, and expense in promoting the LICKETY-SPLIT mark and the Mascot throughout Northeast Florida

8

through advertising, branded vehicles, uniforms, digital media, customer-facing materials, and other marketing efforts, resulting in substantial consumer recognition and goodwill associated with Lickety-Split's brand identity.

40.    Lickety-Split uses the LICKETY-SPLIT mark and Mascot in interstate commerce and in connection with services marketed through the internet and other channels of interstate commerce.

41.    Lickety-Split is the owner of United States Trademark Registration No. 7,660,288 for the LICKETY-SPLIT mark, the Mascot, and associated design elements used in connection with Lickety-Split's HVAC, plumbing, and electrical services.

42.    This registration is valid, subsisting, and in full force and effect.

43.    Pursuant to 15 U.S.C. § 1115(a), the registration constitutes prima facie evidence of the validity of the mark, Lickety-Split's ownership thereof, and Lickety-Split's exclusive right to use the mark in commerce in connection with the services identified in the registration.

44.    The Group's title incorporates Lickety-Split's "LICKETY-SPLIT" mark, and the mark appears throughout posts, comments, and related content disseminated through the Group.

45.    Defendant, through her administration and control of the Group, maintains, controls, and displays the Group's title incorporating Lickety-Split's

9

mark, and Defendant has herself used Lickety-Split's "LICKETY-SPLIT" mark in posts, comments, shares, and other content that she has authored, disseminated, and promoted through the Group and Reddit.

46.    Defendant's use of Lickety-Split's mark was intentional and designed to attract public attention, increase engagement, and lend credibility to the statements being disseminated within the Group.

47.    Further, Defendant has displayed, maintained, disseminated, and perpetuated an image prominently featuring a cartoon mascot that is substantially similar to Lickety-Split's proprietary Mascot (the "Infringing Mascot").

48.    The Infringing Mascot depicted in the images displayed and disseminated by Defendant, as seen below, consists of a cartoon figure in motion wearing a cap, with exaggerated animated styling, positioned adjacent to the phrase "Victims of Lickety Split," and is used as a central visual identifier for the Group, appearing in the Group's header and cover imagery over which Defendant maintains control as an administrator of the Group:



49.    The Infringing Mascot is confusingly similar to Lickety-Split's

distinctive branding and proprietary Mascot and imagery (shown below) used in Lickety-Split's advertising and marketing materials, including its use of cartoon-style characters associated with speed, service, and brand recognition.



50.     Defendant has used, displayed, and disseminated the Infringing Mascot in conjunction with Lickety-Split's "LICKETY-SPLIT" name and mark, thereby reinforcing the association between the image and Lickety-Split's business.

51.     The image further contains prominent text stating "Victims of Lickety Split," along with additional statements such as "Fast Promises • Slow Results • Zero Accountability" and "Refunds? Good Luck!", which are presented alongside the Infringing Mascot and Lickety-Split's name.

52.     By combining Lickety-Split's mark and a confusingly similar Infringing Mascot with disparaging statements, Defendant has displayed, maintained, and disseminated a composite work that falsely suggests an affiliation, association, sponsorship, authorization, or connection with Lickety-Split's branding and commercial identity.

53.     The use of the Infringing Mascot and branding is likely to cause

11

consumers to associate the image with Lickety-Split's commercial identity and goodwill.

54.    Defendant's use of the Infringing Mascot and Lickety-Split's mark is not limited to textual reference but instead appropriates Lickety-Split's visual identity to attract attention, increase engagement, and enhance the credibility and impact of the statements being disseminated.

55.    Defendant has perpetuated and further disseminated the Infringing Mascot image and Lickety-Split's mark through her own posts, comments, and shares, as well as through her administrative promotion of the Group and its content.

56.    Defendant's use of the Infringing Mascot and Lickety-Split's mark is intentional, willful, and undertaken with knowledge of Lickety-Split's branding and commercial identity.

57.    As a direct and proximate result of Defendant's unauthorized use of the Infringing Mascot and Lickety-Split's mark, Lickety-Split has suffered damage to its goodwill, brand identity, and reputation.

58.    Defendant did not merely reference Lickety-Split's name for purposes of identifying the subject of her criticism but instead intentionally incorporated Lickety-Split's branding, visual identity, mascot imagery, and associated goodwill in content displayed, maintained, and distributed through the Group in order to attract attention, increase engagement, enhance credibility, and maximize dissemination of

12

accusations concerning Lickety-Split.

59.    Defendant's use of Lickety-Split's branding and the Infringing Mascot was designed to capitalize upon the public recognition associated with Lickety-Split's commercial identity while simultaneously associating that identity with false and disparaging accusations concerning Lickety-Split's business.

60.    Upon information and belief, Defendant selected, displayed, and maintained the Infringing Mascot and related branding because consumers throughout Northeast Florida associate those elements with Lickety-Split and its services.

## COUNT I - DEFAMATION

61.    Lickety-Split realleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

62.    Defendant personally published, republished, endorsed, adopted, amplified, encouraged, and disseminated false statements of fact concerning Lickety-Split to third parties through Facebook, Reddit, and related online forums, including those described in paragraphs 13 through 32.

63.    Defendant's statements accused Lickety-Split of criminal conduct, fraudulent business practices, unlawful activity, dishonest conduct, and unethical operations.

64.    Defendant presented and communicated these statements as factual

13

assertions rather than as personal opinion, rhetorical hyperbole, or subjective commentary.

65. The statements were false.

66. Defendant knew the statements were false, acted with reckless disregard for their truth or falsity, or deliberately amplified and encouraged unverified accusations while presenting such accusations as factual assertions concerning Lickety-Split.

67. The statements directly referred to Lickety-Split or were reasonably understood by readers as referring to Lickety-Split.

68. As a direct and proximate result of Defendant's conduct, Lickety-Split has suffered damages, including reputational harm, diminished goodwill, loss of consumer trust, harm to existing and prospective business relationships, and other economic damages.

69. Defendant's ongoing publication and dissemination of false statements continues to cause irreparable harm to Lickety-Split that is not fully compensable by monetary damages, and Lickety-Split has no adequate remedy at law to prevent the continued publication of statements adjudicated to be false and defamatory.

**WHEREFORE**, Plaintiff, Lickety – Split Air Conditioning, Plumbing, Electrical, LLC, demands judgment against Defendant, Christina Shumpert, for compensatory damages, permanent injunctive relief requiring removal of statements

14

adjudicated to be defamatory, costs, and such other and further relief as this Court deems just and proper.

## COUNT II – DEFAMATION PER SE

70.    Lickety-Split realleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

71.    Defendant published false statements which accused Lickety-Split of fraud, criminal conduct, unlawful business practices, dishonest conduct, and other conduct incompatible with Lickety-Split's business operations and commercial reputation.

72.    The statements described herein constitute defamation per se, because they directly tend to injure Lickety-Split in its trade, business, and reputation.

73.    The statements further imputed criminal conduct, fraud, dishonesty, and unlawful activity to Lickety-Split, thereby constituting defamation per se under Florida law.

74.    As a result, Lickety-Split is entitled to recover presumed damages in addition to all other damages permitted by Florida law.

**WHEREFORE**, Plaintiff, Lickety – Split Air Conditioning, Plumbing, Electrical, LLC, demands judgment against Defendant, Christina Shumpert, for damages, including presumed and compensatory damages, permanent injunctive relief requiring removal of statements adjudicated to be defamatory, costs, and such

15

other and further relief as this Court deems just and proper.

## COUNT III –
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

75.    Lickety-Split realleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

76.    Lickety-Split maintains business relationships with existing customers, vendors, referral sources, and identifiable prospective customers and business opportunities reasonably likely to result in future economic benefit.

77.    Upon information and belief, customers and prospective customers viewed the Group before deciding whether to retain Plaintiff, and Plaintiff has already experienced lost customer opportunities attributable to Defendant's conduct.

78.    Defendant knew or should have known of Lickety-Split's business relationships, consumer goodwill, and dependence upon its commercial reputation in operating its business.

79.    Defendant intentionally and unjustifiably interfered with Lickety-Split's business relationships by publishing, republishing, endorsing, amplifying, and encouraging false statements concerning Lickety-Split, by soliciting complaints and urging others to report Lickety-Split to regulatory authorities and to pursue legal action against Lickety-Split, by directing or encouraging individuals to contact or confront Lickety-Split's customers, and by coordinating efforts intended to damage Lickety-Split's business reputation and commercial standing.

16

80.    Defendant's conduct was neither privileged nor justified, because it was based upon false statements made with reckless disregard for the truth and concerted conduct intended to disrupt Lickety-Split's business relationships and economic interests rather than good-faith commentary and truthful reporting.

81.    As a direct and proximate result of Defendant's conduct, Lickety-Split suffered damages including lost customers, lost business opportunities, lost revenue, and other economic damages.

**WHEREFORE**, Plaintiff, Lickety – Split Air Conditioning, Plumbing, Electrical, LLC, demands judgment against Defendant, Christina Shumpert, for compensatory damages, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

82.    Lickety-Split realleges and incorporates paragraphs 1 through 5 and 37 through 59 as if fully set forth herein.

83.    Lickety-Split owns valid and protectable rights in the "LICKETY-SPLIT" mark through its continuous use in commerce.

84.    Lickety-Split's rights are further evidenced by United States Trademark Registration No. 7,660,288, which is valid, subsisting, in full force and effect, and registered to Lickety-Split for services including HVAC, plumbing, and electrical services.

17

85.    Defendant intentionally used Lickety-Split's "LICKETY-SPLIT" mark, the Mascot, and branding in commerce by displaying and disseminating them through publicly accessible online content to attract viewers, increase engagement, and interfere with Lickety-Split's commercial relationships, constituting use in commerce under the Lanham Act, including 15 U.S.C. § 1114.

86.    Defendant's use of Lickety-Split's mark was not authorized by Lickety-Split, nor did Lickety-Split consent to Defendant's use or grant Defendant a license for the use.

87.    Defendant's use of Lickety-Split's mark, the Mascot, and branding was likely to cause confusion, mistake, or deception concerning the source, sponsorship, affiliation, authorization, or association of the visual content displayed, maintained, and disseminated by Defendant and was intended to capitalize upon and exploit Lickety-Split's goodwill.

88.    Defendant's actions with regard to the mark were willful and undertaken in bad faith for the purpose of capitalizing on Lickety-Split's goodwill and damaging Lickety-Split's reputation.

89.    Defendant's conduct has damaged Lickety-Split's goodwill, reputation, and business, and will continue to do so unless Defendant is enjoined from such conduct.

90.    Such continuing harm is irreparable and not fully compensable by

18

monetary damages, and Lickety-Split has no adequate remedy at law.

91.     As a result of Defendant's infringement of the LICKETY-SPLIT mark, Lickety-Split is entitled to recover damages, including Defendant's profits, Lickety-Split's damages, costs, and is entitled to injunctive relief, pursuant to 15 U.S.C. §§ 1116-17.

**WHEREFORE**, Plaintiff, Lickety – Split Air Conditioning, Plumbing, Electrical, LLC, demands judgment against Defendant, Christina Shumpert, for damages, including Defendant's profits to the extent recoverable, Lickety-Split's actual damages, enhanced damages where permitted by law, preliminary and permanent injunctive relief, attorneys' fees and costs where authorized, and such other and further relief as this Court deems just and proper.

### COUNT V – <br> FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION <br> UNDER 15 U.S.C. § 1125(a)

92.     Lickety-Split realleges and incorporates paragraphs 1 through 5 and 33 through 59 as if fully set forth herein.

93.     Lickety-Split owns valid and protectable rights in the "LICKETY-SPLIT" mark, the Mascot, and associated trade dress through Lickety-Split's continuous use in commerce.

94.     Defendant's use of the Infringing Mascot, in combination with the "LICKETY-SPLIT" mark, constitutes use of a confusingly similar mascot, branding,

19

and design mark in commerce within the meaning of 15 U.S.C. § 1125(a).

95.   The Mascot is a distinctive element of Lickety-Split's branding and serves as a source identifier associated with Lickety-Split's services.

96.   Defendant's unauthorized use, display, maintenance, and dissemination of a substantially similar Infringing Mascot, particularly in conjunction with Lickety-Split's mark, is likely to cause confusion, mistake, or deception among consumers regarding the source, sponsorship, affiliation, authorization, endorsement, or association of the content displayed and disseminated by Defendant.

97.   Defendant's use exceeds any permissible nominative or descriptive use, because Defendant has appropriated Lickety-Split's visual branding and combined it with disparaging messaging in a manner likely to mislead consumers.

98.   Defendant's conduct therefore constitutes a false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

99.   Defendant's actions with regard to the mark and the Mascot were willful and undertaken in bad faith for the purpose of capitalizing on Lickety-Split's goodwill and damaging Lickety-Split's reputation.

100.  Defendant's conduct has damaged Lickety-Split's goodwill, reputation, and business, and will continue to do so unless Defendant is enjoined from such conduct.

101.  This continuing harm is irreparable and not fully compensable by

money damages, and Lickety-Split has no adequate remedy at law.

**WHEREFORE**, Plaintiff, Lickety – Split Air Conditioning, Plumbing, Electrical, LLC, demands judgment against Defendant, Christina Shumpert, for damages, including Defendant's profits to the extent recoverable, Lickety-Split's actual damages, enhanced damages where permitted by law, preliminary and permanent injunctive relief, attorneys' fees and costs where authorized, and such other and further relief as this Court deems just and proper.

<u>**COUNT VI –**</u>
<u>**UNFAIR COMPETITION UNDER FLORIDA COMMON LAW**</u>

102.   Lickety-Split realleges and incorporates paragraphs 1 through 5 and 33 through 59 as if fully set forth herein.

103.   Lickety-Split owns valid and protectable rights in the "LICKETY-SPLIT" mark, the Mascot, and associated branding, which has acquired substantial consumer recognition and goodwill throughout Northeast Florida.

104.   Defendant's unauthorized use, display, maintenance, and dissemination of Lickety-Split's mark, the Infringing Mascot, and branding, as alleged herein, was deceptive and undertaken in bad faith, and is likely to cause confusion, mistake, or deception among consumers concerning the source, sponsorship, affiliation, authorization, or association of the content displayed and disseminated by Defendant.

105.   Defendant's conduct constitutes unfair competition under Florida common law, including through the misappropriation and exploitation of Lickety-

Split's goodwill and commercial identity.

106.  Defendant's conduct was willful and undertaken in bad faith for the purpose of capitalizing on Lickety-Split's goodwill and damaging Lickety-Split's reputation.

107.  As a direct and proximate result of Defendant's conduct, Lickety-Split has suffered damage to its brand, reputation, and goodwill, in addition to economic harm, and will continue to suffer such harm unless Defendant is enjoined from engaging in the conduct described herein.

**WHEREFORE**, Plaintiff, Lickety – Split Air Conditioning, Plumbing, Electrical, LLC, demands judgment against Defendant, Christina Shumpert, for compensatory damages, preliminary and permanent injunctive relief, costs where authorized, and such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

In addition to the relief demanded in each count above, Lickety-Split respectfully requests that the Court enter judgment in Lickety-Split's favor and against Defendant and provide for the following relief:

a.  Compensatory and presumed damages in an amount to be determined at trial;

b.  Defendant's profits, enhanced damages, and attorneys' fees and costs to the extent authorized by 15 U.S.C. § 1117;

22

c.  Preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116 and this Court's equitable powers, enjoining Defendant from using Lickety-Split's "LICKETY-SPLIT" mark, the Mascot, trade dress, and confusingly similar imitations thereof, and requiring Defendant to remove, and to cease displaying, maintaining, and disseminating, the infringing Group title, header, and cover imagery, and Mascot image within her possession, custody, or control;

d.  Permanent injunctive relief requiring Defendant to remove, and to cease publishing and disseminating, statements and content adjudicated at trial to be false and defamatory or otherwise unlawful, within her possession, custody, or control;

e.  Costs of this action; and

f.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Lickety-Split hereby demands a trial by jury on all issues so triable as a matter of right.

**JIMERSON BIRR, P.A.**

By: /s/ Curtis L. Campbell
    Curtis L. Campbell
    Florida Bar No. 1030744
    ccampbell@jimersonfirm.com
    Grace Roberts
    Florida Bar No. 1069003
    groberts@jimersonfirm.com
    701 Riverside Park Place
    Jacksonville, FL 32204
    Telephone: (904) 389-0050
    Facsimile: (904) 212-1269
    dorothyo@jimersonfirm.com
    *Counsel for Lickety – Split Air Conditioning,*
    *Plumbing, Electrical, LLC*