**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LICKETY-SPLIT AIR CONDITIONING, PLUMBING, ELECTRICAL, LLC, a Florida limited liability company,

Plaintiff,

v. Case No. 3:26-cv-1545-MMH-PDB

CHRISTINA SHUMPERT, an individual,

Defendant.
_______________________________/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Corrected Complaint (Doc. 12; Response), filed August 24, 2026. In the Response, Plaintiff Lickety-Split Air Conditioning, Plumbing, Electrical, LLC (Lickety-Split), in addition to asserting that Defendant Christina Shumpert's Motion to Dismiss Corrected Complaint and Incorporated Memorandum of Law (Doc. 10; Motion), filed August 10, 2026, is due to be denied, requests, in the alternative, that the Court grant it leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure (Rule(s)). See Response at 15. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made

when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999))).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rule 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to this deficiency under the Local Rules, the request in the Response fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361–62 (11th Cir. 2006) (same). For all of these reasons, the Court will not entertain Lickety-Split's request for relief included in the Response. Lickety-

Split is advised that, if it wishes to pursue such relief, it is required to file an appropriate motion, in accordance with the Rules and the Local Rules.

Accordingly, it is:

**ORDERED**:

To the extent that Lickety-Split requests affirmative relief from the Court, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Corrected Complaint (Doc. 12) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36

Copies to:
Counsel of Record